**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-6403**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CHRISTOPHER LAMONT STEWARD,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Arenda L. Wright Allen, District Judge. (4:14-cr-00075-AWA-TEM-1)

_____

Submitted: October 31, 2022                  Decided: November 15, 2022

_____

Before WYNN and DIAZ, Circuit Judges, and MOTZ, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Christopher Lamont Steward, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Lamont Steward appeals the district court's order denying his motion for compassionate release. We affirm.

When deciding whether to reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A), a district court generally proceeds in three steps. *United States v. High*, 997 F.3d 181, 185-86 (4th Cir. 2021). First, the court determines whether "extraordinary and compelling reasons" support a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *High*, 997 F.3d at 186. Second, the court considers whether a reduction is consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(ii); *High*, 997 F.3d at 186. Third, if the court finds that extraordinary and compelling reasons warrant relief, the court must consider the § 3553(a) sentencing factors "in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment." *High,* 997 F.3d at 186; 18 U.S.C. § 3582(c)(1)(A).

District courts enjoy broad discretion in deciding whether extraordinary and compelling circumstances justify a compassionate release sentence reduction. *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir.), *cert. denied,* 142 S. Ct. 383 (2021). "In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020) (citing cases). The inmate must show at least "that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that the inmate's preexisting medical condition

2

increases that individual's risk of experiencing a serious, or even fatal, case of COVID-19." *High*, 997 F.3d at 185.

We conclude that the district court did not abuse its discretion in denying compassionate release by finding that Steward did not show extraordinary and compelling reasons for his release. The court carefully weighed the evidence and concluded that compassionate release was not warranted.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*